FRANK L. BERNSTEIN (CA SBN 189504)
fbernstein@kenyon.com
KENYON & KENYON LLP
333 W. San Carlos Street, Suite 600
San Jose, CA  95110-2731
Telephone:  (408) 975-7988
Facsimile:(408) 975-7501

*Attorney for Defendant and Third-Party
Plaintiff Sony Electronics Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOENIX SOLUTIONS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> SONY ELECTRONICS INC., a Delaware corporation, <br><br> Defendant. | CASE NO.: C07-2112 (EMC) <br><br> **DEFENDANT SONY ELECTRONICS INC.'S AMENDED THIRD-PARTY COMPLAINT AGAINST INTERVOICE, INC.** <br><br> **DEMAND FOR JURY TRIAL** |
| SONY ELECTRONICS INC., a Delaware corporation, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> INTERVOICE, INC., a Texas corporation, <br><br> Third-Party Defendant. | |

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendant and Third-Party Plaintiff, Sony Electronics Inc. ("SEL"), for its (amended) claim against Intervoice, Inc. ("Intervoice" or "Third-Party Defendant"), alleges as follows, upon knowledge as to its own acts and upon information and belief as to the acts of others.

## I.  THE PARTIES

1.      SEL is a corporation organized and existing under the laws of the State of Delaware with a place of business at 16450 West Bernardo Drive, San Diego, California, 92127.

2.      Intervoice is a corporation organized and existing under the laws of the state of Texas with a principal place of business at 17811 Waterview Parkway, Dallas, Texas, 75252.

## II.  JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over SEL's claim and the relief requested pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(c) because Intervoice is subject to personal jurisdiction in this Judicial District; is doing and transacting business in this Judicial District; and has substantial contacts with and/or may be found in this Judicial District.

## III.  BACKGROUND

5.      In 2001, Edify Corporation ("Edify") sold to SEL software products and services for an interactive voice response system (the "accused Interactive Voice Response System") pursuant to a Customer Order Schedule dated December 5, 2001.  A copy of the Customer Order Schedule is annexed as Exhibit A.

6.      During at least 2001, until and through when Intervoice acquired Edify (and including December 5, 2001), Edify was a merchant who regularly dealt in software products and services for interactive voice response systems.

7.      Intervoice acquired Edify in 2005; Intervoice is responsible for Edify's obligations to SEL with respect to the accused Interactive Voice Response system.

1    8.    Intervoice assumed all of Edify's warranty obligations with respect to the

2  accused Interactive Voice Response system, including but not limited to Edify's obligations

3  pursuant to U.C.C. § 2-312 and/or FLA. STAT. § 672.607, and/or CAL. COM. CODE § 2607.

4    9.    On or about June 2, 2006, Plaintiff, Phoenix Solutions, Inc. ("Phoenix"), sent a

5  letter to SEL informing SEL that the accused Interactive Voice Response system is likely

6  covered by one or more claims of certain of Phoenix's patents. A copy of Phoenix's letter

7  dated June 2, 2006, is annexed hereto as Exhibit B.

8    10.    Phoenix's allegations in its June 2, 2006 letter placed a substantial shadow on

9  SEL's title to the accused Interactive Voice Response system.

10    11.    On or about August 9, 2006, SEL sent a letter notifying Intervoice that SEL

11  received a claim of patent infringement from Phoenix regarding the accused Interactive Voice

12  Response System. A copy of SEL's letter dated August 9, 2006, is annexed hereto as Exhibit C.

13    12.    In the August 9, 2006 letter, SEL requested that Intervoice defend and indemnify

14  SEL in connection with Phoenix's claim of patent infringement.

15    13.    On or about August 17, 2006, Intervoice sent a letter to SEL stating that

16  "Intervoice unequivocally affirms any contractual obligations it may have to Sony, including

17  indemnification provisions that may be triggered if Phoenix were to make a claim that an

18  Intervoice product provided to Sony infringes upon any of the Phoenix patents." A copy of

19  Intervoice's letter dated August 17, 2006, is annexed hereto as Exhibit D.

20    14.    On or about August 23, 2006, SEL sent a letter to Intervoice notifying Intervoice

21  that Phoenix's infringement allegations are directed to the accused Interactive Voice Response

22  system. A copy of SEL's letter dated August 23, 2006, is annexed hereto as Exhibit E.

23    15.    In the August 23, 2006 letter, SEL notified Intervoice that the accused Interactive

24  Voice Response system was installed, programmed, provided and maintained by Edify.

25    16.    In the August 23, 2006 letter, SEL enclosed copies of all correspondence with

26  Phoenix's counsel regarding Phoenix's allegations of infringement with respect to the accused

27  Interactive Voice Response system.

28

17.     On or about September 7, 2006, Intervoice sent a letter to SEL stating that "Intervoice unequivocally stands behind any contractual obligations it may have to Sony by way of Intervoice's acquisition of Edify Corporation (Edify) and intends to honor all such commitments.  Intervoice further appreciates the notice of Sony's contacts with Phoenix Solutions, Inc. (Phoenix), with regard to Sony's interactive voice response (IVR) system."  A copy of Intervoice's letter dated September 7, 2006, is annexed hereto as Exhibit F.

18.     On or about September 20, 2006, Intervoice sent a letter of to SEL indicating to SEL that the speech processing functionality resident in the accused Interactive Voice Response system was provided to Edify by Nuance Communications, Inc.  A copy of Intervoice's letter dated September 20, 2006, is annexed hereto as Exhibit G.

19.     On December 13, 2006, Phoenix filed a Complaint against SEL in Civil Action 06 CV 7916 (the "Civil Action") in the Central District of California.  A copy of Phoenix's Complaint is annexed hereto as Exhibit H.

20.     The Civil Action casts a substantial shadow on SEL's title to the accused Interactive Voice Response system.

21.     On or about January 11, 2007, Intervoice sent a letter to SEL acknowledging to SEL that the accused Interactive Voice Response system was purchased via a customer order between Intervoice/Edify and SEL dated December 5, 2001.  A copy of Intervoice's letter dated January 11, 2007, is annexed hereto as Exhibit I.

22.     In the letter dated January 11, 2007, Intervoice acknowledged to SEL that Intervoice had reviewed Phoenix's Complaint filed against SEL.

23.     On or about January 19, 2007, Intervoice sent a letter to SEL stating that SEL told Intervoice that the UCC may control the parties' respective rights and obligations.  A copy of Intervoice's letter dated January 19, 2007, is annexed hereto as Exhibit J.

24.     On or about January 22, 2007, SEL sent a letter to Intervoice explaining SEL's position that  Intervoice is obligated to indemnify and defend SEL against Phoenix's infringement allegations under either the UCC or an agreement between Edify and SEL in

- 4 -

1    connection with SEL's purchase of the accused Interactive Voice Response system.  A copy of

2    SEL's letter dated January 22, 2007, is annexed hereto as Exhibit K.

3          25.    On or about February 7, 2007, Intervoice sent a letter to SEL arguing the merits

4    of SEL's breach of warranty claim under the UCC against Edify.  A copy of Intervoice's letter

5    dated February 7, 2007, is annexed hereto as Exhibit L.

6          26.    On or about February 21, 2007, SEL sent at letter to Intervoice notifying

7    Intervoice of Intervoice's obligation to indemnify SEL against Phoenix's infringement

8    allegations.  A copy of SEL's letter dated February 21, 2007, is annexed hereto as Exhibit M.

9          27.    In 2007, the court for the Central District of California transferred the Civil

10   Action to this Court for the Northern District of California.

11         28.    In the Civil Action, Phoenix alleges SEL has infringed U.S. Patent Nos.

12   6,165,172, 6,633,846, 6,665,640 and 7,050,977 (collectively, the "patents-in-suit").

13         29.    Phoenix's allegations of infringement against SEL are based on the accused

14   Interactive Voice Response system supplied by Edify to SEL.

15         30.    SEL has incurred and expects to continue incurring significant attorneys' fees

16   and costs defending against Phoenix's infringement allegations.

17         **IV.  <u>COUNT I - BREACH OF WARRANTY OF TITLE AND AGAINST</u>**

18                        **<u>INFRINGEMENT</u>**

19         31.    SEL incorporates herein by reference the allegations contained in paragraphs 1

20   through 30.

21         32.    Edify was the seller to SEL of software and services for the accused Interactive

22   Voice Response system.

23         33.    Phoenix's infringement allegations and the lawsuit Phoenix filed thereupon cast a

24   substantial shadow over SEL's title to the accused Interactive Voice Response system.

25         34.    Pursuant to FLA. STAT. § 672.607, or in the alternative, CAL. COM. CODE § 2607,

26   SEL provided notice to Intervoice within a reasonable time after learning of Edify's breach of

27   warranty of title and against infringement under UCC 2-312, FLA. STAT. § 672.312, or in the

28   alternative, CAL. COM. CODE § 2312.

- 5 -

35.   Intervoice is liable to SEL for such damages, fees, or costs SEL incurs in defending its title to the accused Interactive Voice Response System as a result of Edify having breached its warranty of title and against infringement under UCC 2-312, FLA. STAT. § 672.312, or in the alternative, under CAL. COM. CODE § 2312.

36.   In the event judgment is entered against SEL, or if SEL is otherwise liable for any damages, fees, or costs relating to any of the Counts alleged in the Civil Action, Intervoice is liable to SEL for such damages, fees, or costs as a result of Edify having delivered to SEL goods that are not free of the rightful claim of infringement by any third person, thereby breaching its warranty of title and against infringement under UCC 2-312, FLA. STAT. § 672.312, or in the alternative, under CAL. COM. CODE § 2312.

37.   Further, in the event judgment is entered against SEL, or if SEL is otherwise liable for any damages, fees, or costs relating to any of the Counts alleged in the Civil Action, Edify's acts in breach of warranty have caused SEL to sustain monetary damage, loss and injury, in amounts to be determined at trial, and Intervoice is liable therefore.

## V.  PRAYER FOR RELIEF

WHEREFORE, SEL hereby prays that, in the event judgment is entered against SEL, or if SEL is liable for any damages, fees, or costs, relating to any of the Counts in the Complaint, that this Court enter judgment for SEL and against Intervoice on SEL's claim, and further that this Court:

A.   Award to SEL any damages, fees, or costs incurred or suffered by SEL as a result of Edify having delivered goods to SEL that were not free of the rightful claim of infringement by any third person, including any adverse judgment, any attorneys' fees, and any costs incurred by SEL in having to defend itself against the claims alleged in the Complaint.

B.   Award to SEL such other relief as this Court may deem just and proper.

1

2    DATED: April 23, 2007

3                                              Respectfully submitted,

4

5    OF COUNSEL:                               Frank L. Bernstein (CA SBN 189504)
                                                fbernstein@kenyon.com
6    John Flock                                KENYON & KENYON LLP
7    jflock@kenyon.com                         333 W. San Carlos Street, Suite 600
     Michelle Carniaux                         San Jose, CA 95110-2731
8    mcarniaux@kenyon.com                      Telephone: (408) 975-7988
     Clement J. Naples                         Facsimile: (408) 975-7501
9    cnaples@kenyon.com
     Elizabeth S. Tse                          *Attorneys for Defendant*
10   etse@kenyon.com                           *Sony Electronics Inc.*
     KENYON & KENYON LLP
11   One Broadway
     New York, New York 10004-1050
12   Telephone: (212) 425-7200
     Facsimile: (212) 425-5288
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

1

## DEMAND FOR JURY TRIAL

2

SEL hereby demands a jury trial on all issues properly triable to a jury in this action.

3

DATED:  April 23, 2007                    KENYON & KENYON LLP

4

5

6

7

8                                                 Respectfully submitted,

9

10   OF COUNSEL:                        Frank L. Bernstein (CA SBN 189504)

11   John Flock                                 fbernstein@kenyon.com
     jflock@kenyon.com                KENYON & KENYON LLP
12   Michelle Carniaux                   333 W. San Carlos Street, Suite 600
     mcarniaux@kenyon.com        San Jose, CA  95110-2731
13   Clement J. Naples                   Telephone: (408) 975-7988
     cnaples@kenyon.com             Facsimile: (408) 975-7501
14   Elizabeth S. Tse
     etse@kenyon.com                   *Attorneys for Defendant*
15   KENYON & KENYON LLP        *Sony Electronics Inc.*
     One Broadway
16   New York, New York 10004-1050
17   Telephone:  (212) 425-7200
     Facsimile: (212) 425-5288
18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-2112 (EMC)