UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PHOENIX SOLUTIONS, INC.,

   Plaintiff,

 v.

SONY ELECTRONICS, INC.,

   Defendant.
_____

SONY ELECTRONICS, INC.,

   Third-Party Plaintiff,

 v.

INTERVOICE, INC.,

   Third-Party Defendant.
_____/

No. C 07-2112 MHP

**MEMORANDUM AND ORDER**

**Re: Intervoice's Motion to Dismiss**

   Plaintiff Phoenix Solutions, Inc. ("Phoenix") brought this action against defendant Sony Electronics, Inc. ("Sony") alleging patent infringement. Sony subsequently filed a third-party complaint against Intervoice, Inc. ("Intervoice") asserting a cause of action for breach of warranty of title and against infringement. Intervoice now moves to dismiss Sony's third-party complaint for failure to state a claim upon which relief may be granted. Having considered the arguments and submissions of the parties, and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

Sony is a Delaware Corporation with a place of business in San Diego, California. Amended Third-Party Complaint ("third-party complaint") ¶ 1. In 2001, Sony purchased software products and services from Edify Corporation ("Edify") for an interactive voice response system. Id. ¶ 5. Intervoice is a Texas corporation with a principal places of business in Dallas, Texas. Id. ¶ 2. In 2005, Intervoice acquired Edify Corporation, and assumed all obligations and warranties regarding the interactive voice response system. Id. ¶¶ 7–8.

In June 2006, Phoenix notified Sony that its interactive voice response system was likely covered by one or more claims of certain patents owned by Phoenix. Id. ¶ 9, Exh. B. Sony claims that these allegations "placed a substantial shadow on [Sony's] title to the accused Interactive Voice Response system." Id. ¶ 10. In August 2006, Sony advised Intervoice of Phoenix's allegations and requested that Intervoice defend and indemnify Sony in connection with Phoenix's claim of patent infringement. Id. ¶¶ 11–12, Exh. C. That same month, Intervoice affirmed its contractual obligations related to indemnification against Phoenix's patent infringement claim. Id. ¶ 13, Exh. D.

Phoenix filed a complaint against Sony alleging patent infringement on December 13, 2006, in the United States District Court for the Central District of California. Id. ¶ 19, Exh. H. Sony again claims that this civil action "casts a substantial shadow" on Sony's title to the technology provided by Edify. Id. ¶ 20. The action was transferred to this court in April 2007. Docket Entry 1. Sony filed its third-party complaint against Intervoice that same month, asserting a claim for breach of warranty of title and against infringement. Docket Entry 3. The premise of Sony's complaint is that Phoenix's infringement claim against Sony is based on the technology provided to Sony by Edify. Id. ¶ 29. Sony's complaint asserts that Intervoice is liable for any judgment, damages, fees or costs relating to any of the counts alleged in Phoenix's action. Id. ¶¶ 36–37.

On June 25, 2007, Phoenix and Intervoice stipulated to a number of "facts." Docket Entry 53. The stipulation states that the materials provided by Edify to Sony were customized and combined with other equipment and software not provided by Edify in order to make the accused interactive voice response system. Id. ¶ 5. The stipulation further provides that the accused

technology at issue in Phoenix's infringement action is limited to the device developed by Sony, and that "Phoenix does not contend or believe that Edify's non-[Sony] non-customized/configured software used in the [Sony] product infringes any of the claims of the Patents-in-Suit" identified in Phoenix's initial letter to Sony. Id. ¶¶ 7–8.

Intervoice now moves to dismiss Sony's third-party complaint for failure to state a claim on which relief may be granted.

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

## DISCUSSION

Intervoice raises four arguments in support of its motion to dismiss. First, Intervoice argues that Sony has denied facts necessary to support its claim against Intervoice. Second, Intervoice asserts that Sony's claim is not yet ripe because there has been no finding of infringement. Third, Intervoice claims that the alleged infringement is based on Sony's use of Intervoice's otherwise noninfringing goods. Finally, Intervoice claims that Sony has not alleged that it provided proper notification to Intervoice regarding Phoenix's infringement claim. The court will address each argument in turn.

### I. Denial of Infringement

The parties appear to agree that section 2-312(3) of the Uniform Commercial Code ("U.C.C.")[1] forms the basis for Sony's claim against Intervoice. Section 2-312(3) provides:

> Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

U.C.C. § 2-312(3). Intervoice claims that Sony has failed to allege a "rightful claim" by denying infringement in its answer to Phoenix's complaint. As Sony points out, there is little case law addressing the meaning of "rightful claim." Intervoice has cited no authority in support of its position, relying instead on the language of the U.C.C. itself. Sony cites two cases in response to Intervoice's argument. In Yttro Corp. v. X-Ray Mktg. Ass'n, Inc., 559 A.2d 3, 6 (N.J. Super. Ct. App. Div. 1989), the court held that "the mere casting of a substantial shadow over [the] title, regardless of the ultimate outcome, is sufficient to violate a warranty of good title" (internal quotations omitted). In 84 Lumber Co. v. MRK Techs., Ltd., 145 F. Supp. 2d 675, 680 (W.D. Pa. 2001), the court held that the question of whether a "rightful claim" of infringement existed could not be resolved without reaching the merits of the underlying infringement claim, and the court therefore did not reach the precise issue of how the term should be defined.

4

Intervoice's argument in this regard essentially boils down to an attack on what Intervoice perceives to be inconsistent pleading on the part of Sony. Intervoice avers that Sony cannot deny that infringement exists in one pleading and claim that Intervoice is liable for the denied infringement in a separate pleading. This rule would create an onerous burden on defendants such as Sony, who are sued for patent infringement for the use of another's technology. Sony would be required to either stand alone against Phoenix's infringement claim, or admit infringement and seek indemnity from Intervoice. The Federal Rules of Civil Procedure simply do not require parties to make such choices. The Rules explicitly allow pleading in the alternative. Fed. R. Civ. P. 8(a). Furthermore, "[t]he Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (internal quotations omitted). Sony has alleged that Intervoice's technology gave rise to a colorable claim of patent infringement while denying the ultimate merits of the claim. This is sufficient under the U.C.C. and permitted by the Federal Rules.

II.   Ripeness

Intervoice argues, citing only to an unpublished Ninth Circuit case,[2] that a section 2-312(3) claim may only be brought after the underlying infringement claim has been adjudicated and a finding of infringement has been made. The comments to the U.C.C. appear to reject this position, stating that "the buyer's remedy arises immediately upon receipt of notice of infringement." U.C.C. § 2-312 cmt. 4. Intervoice cites no authority defining "rightful claim" as one that has been fully adjudicated, as opposed to simply a colorable or non-frivolous claim. In light of the liberal pleading standards of the Federal Rules, the court therefore rejects Intervoice's ripeness argument.

III.   Noninfringing Goods

As a third argument, Intervoice asserts that Sony's claim must fail because it is based on Sony's use of Intervoice's noninfringing goods. Intervoice claims that the infringing use of noninfringing goods is not covered by the section 2-312(3) warranty. Motorola, Inc. v. Varo

5

Semiconductor, 656 F. Supp. 716, 718 (N.D. Tex. 1986).  Sony appears to acknowledge this legal principle but asserts that the Intervoice system itself is the accused technology.

The question of whether the Intervoice technology is infringing clearly implicates the merits of the dispute and cannot be resolved in the context of a Rule 12(b)(6) motion.  The stipulation between Intervoice and Phoenix, and any statements in Phoenix's complaint regarding the Intervoice system, do not change this holding.  Setting aside the concerns regarding collusion where a plaintiff and third-party defendant stipulate to a set of "facts" to the detriment of a defendant/third-party plaintiff, the purported facts set forth in the stipulation related to Intervoice's products remain in dispute.  Sony's allegations are contrary to these assertions, raising questions of fact to be resolved over the course of litigation.  A plaintiff is, of course, free to choose its theories of infringement.  A plaintiff cannot, however, choose which products actually infringe.  Accordingly, the court rejects this argument.

IV.  Notice

As a final argument, Intervoice asserts that Sony has failed to allege that it provided the required notification to Intervoice.  Under U.C.C. section 2-607,

> if the claim is one for infringement or the like (subsection (3) of Section 2-312) and the buyer is sued as a result of such a breach[,] he must so notify the seller within a reasonable time after he receives notice of the litigation or be barred from any remedy over [sic] for liability established by the litigation.

Sony's third-party complaint contains detailed allegations as to the correspondence between Sony and Intervoice regarding Phoenix's claim, and attaches copies of correspondence as exhibits. Amended Third-Party Complaint ¶¶ 11–18, 21–26, Exhs. C–G, H–M.  Accordingly, Sony has alleged that it provided the required notice "within a reasonable time."

CONCLUSION

For the reasons stated above, the court DENIES Intervoice's motion to dismiss.

IT IS SO ORDERED.

Dated: December 5, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

**ENDNOTES**

1. The specific statutory bases for Sony's claim against Intervoice are the Florida and California adoptions of the U.C.C.

2. The case on which Intervoice relies, <u>Pyramid Plastics, LLC v. Roundhouse Prods., Inc.</u>, 130 Fed. Appx. 162 (9th Cir. 2005), is irrelevant as well as unpublished.