UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHOENIX SOLUTIONS, INC.,

             Plaintiff,

  v.

SONY ELECTRONICS, INC.,

             Defendant.
_____/

SONY ELECTRONICS, INC.,

             Third-Party Plaintiff,

  v.

INTERVOICE, INC.,

             Third-Party Defendant.
_____/

No. C 07-02112 MHP

**MEMORANDUM AND ORDER**

**Re: Sony's Motion to Transfer**

      Plaintiff Phoenix Solutions, Inc. ("Phoenix") brought this action against defendant Sony Electronics, Inc. ("Sony") alleging patent infringement. Sony subsequently filed a third-party complaint against Intervoice, Inc. ("Intervoice") asserting a single cause of action for breach of warranty of title and against infringement. Phoenix and Sony have settled the patent infringement action, and the court has entered a stipulation and order dismissing all claims and counterclaims between Phoenix and Sony. Now before the court is Sony's motion to transfer its third-party action against Intervoice to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. section 1404(a). Having considered the arguments and submissions of the parties, and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

In late 2001, Sony purchased from Edify Corporation—which was later acquired by the third-party defendant Intervoice—an interactive voice recognition system ("the IVR system"). Christopher Dec. ¶ 3, 9. The negotiations leading up to the sale of the IVR system took place in Ft. Myers, Florida between Sony and Edify representatives who were and continue to be residents of Florida. Id. ¶¶ 4–7. After the sale was formalized, Edify representatives went to Sony's Customer Information Service Center in Ft. Myers, Florida to meet with Sony employees and install the IVR system. Id. ¶ 8. The IVR system was in fact installed in the Florida location and is currently maintained and supported from there. Id. ¶¶ 10–12.

In December 2006, Phoenix filed an action against Sony in the Central District of California, alleging that Sony's IVR system installed at its Florida call center infringed Phoenix's patents for speech recognition processes. Davison Dec., Exh. 1. Sony filed a third-party complaint against Intervoice, Edify's successor-in-interest, alleging a single cause of action for breach of warranty of title and against infringement pursuant to Uniform Commercial Code section 2-312, as codified in Florida Statutes section 672.312 and California Commercial Code section 2312. Bernstein Dec., Exh. 3. Sony alleged that Phoenix's patent infringement claims cast a substantial shadow on Sony's title to the accused IVR system and that under the UCC, Intervoice was obligated to indemnify and defend Sony against Phoenix's action. Bernstein Dec., Exh. 3 ¶¶ 20, 24. To date, Intervoice has not yet filed an answer to Sony's third-party complaint.

Judge Anderson of the Central District of California ordered Phoenix and Sony (Intervoice had not yet appeared at that time) to show cause why the action should not be transferred to another district. Davison Dec., Exh. 3 at 3–4. In response to the court's order to show cause, Sony argued that the most appropriate venue was the Middle District of Florida because the accused system and any allegedly infringing activities were located there. Id., Exh. 4 at 1. Witnesses with knowledge of the system as well as relevant documents were also located in Florida. Id. Sony argued moreover, that in light of its third-party complaint against Intervoice for indemnification, the connection with

1  Florida was even stronger because negotiations for the purchase and sale of the IVR system occurred
2  there. Id.

3  Phoenix argued in reply that the appropriate venue was the Central District of California and
4  urged the court to honor its initial choice of forum. Phoenix argued that it was a research and
5  development company that did not generate any revenue and was comprised solely of the inventor of
6  the patents-in-suit—Dr. Ian M. Bennett—and his wife. Id., Exh. 5 at 2. Phoenix's only office and
7  principal place of business were in Palo Alto, California, in the Northern District of California. Id.
8  It argued, therefore, that transfer to the Middle District of Florida was inappropriate since that
9  district did not have personal jurisdiction over Phoenix, and Phoenix should not be forced to waive
10 personal jurisdiction there, subjecting it to counterclaims. Phoenix also argued that there were at
11 least six witnesses located in California who had first hand knowledge and discoverable information
12 relating to the development and prosecution of the patents-in-suit. Id. at 3. Five of these witnesses
13 resided in the Northern District of California. Id. at 3–4. Phoenix argued that the office of its legal
14 counsel was located in Beverly Hills, California, and therefore, litigation costs accruing to Phoenix
15 would be minimized by keeping the action in the Central District of California. Id. at 3.

16 In its April 9, 2007 order, Judge Anderson found that relative to the Central District of
17 California, both the Northern District of California and the Middle District of Florida would be more
18 convenient venues. Bernstein Dec., Exh. 6 at 3. The court found that plaintiff's initial choice of
19 forum, although usually given great weight, was entitled to less weight in the instant action because
20 other than the fact that Phoenix's counsel was located in the Central District of California, there
21 were no other connections with that forum. Id. at 3–4. The court found that Sony's allegedly
22 infringing activities were located in the Middle District of Florida and that most of Phoenix's
23 witnesses lived or had a connection to the Northern District of California. Id. at 3. Although either
24 of those two forums would have been more appropriate than the Central District of California, the
25 court ordered the case transferred to the Northern District of California because it would minimize
26 travel costs to Phoenix's counsel and because that district had developed specialized local rules for
27 adjudicating patent cases. Id. at 4–5.

4

Phoenix is incorporated in California and has its principal place of business in Palo Alto, California. Davison Dec., Exh.1 ¶ 2. Phoenix has no contacts and with and has never transacted any business in Florida. Id., Exh. 8 ¶ 2. Sony is incorporated in Delaware and has its principal place of business in San Diego, California. Bernstein Dec., Exh. 3 ¶ 1. Sony sells consumer electronics in Sony retail and outlet stores, including in the Northern District of California and the Middle District of Florida. Davison Dec., Exh. 9 ¶ 23. Intervoice is incorporated in Texas and has its principal place of business in Dallas, Texas. Bernstein Dec., Exh. 3 ¶ 2. Intervoice transacts business in the both the Northern District of California and the Middle District of Florida. Id. ¶ 4. When Intervoice acquired Edify it assumed all of Edify's warranty obligations with respect to the IVR system that Edify sold to Sony. Id. ¶ 8.

Since the action was transferred to this district, Phoenix and Sony have settled the patent infringement claim. This court has entered a stipulation and order dismissing all claims and counterclaims between Phoenix and Sony. Docket No. 98. Based on essentially the same arguments made before the Central District of California, Sony now moves to transfer its third-party claim against Intervoice to the Middle District of Florida. Intervoice opposes Sony's motion to transfer, arguing that the action should remain in the Northern District of California.

LEGAL STANDARD

Pursuant to 28 U.S.C. section 1404(a), a district court may transfer a civil action "for the convenience of parties and witnesses [and] in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); Straus Family Creamery v. Lyons, 219 F. Supp. 2d 1046, 1047 (N.D. Cal. 2002) (Zimmerman, J.). A motion to transfer venue lies within the broad discretion of the district court, and must be determined on an individualized basis. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)), cert. denied, 531 U.S. 928 (2000). The burden of showing that transfer is appropriate is on the moving party. The Carolina Casualty Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (Walker, J.).

5

District courts use a two step analysis to determine whether a transfer is proper. The threshold question under section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought. 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). If venue would be appropriate in the transferee court, then the court must make an "individualized, case-by-case consideration of convenience and fairness." Jones, 211 F.3d at 498. Among the factors that a district court may consider in deciding whether a transfer is appropriate are: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses; (8) the ease of access to sources of proof and (9) any relevant public policy of the forum state. Jones, 211 F.3d at 498-99 (citing Stewart, 487 U.S. at 29-31 and Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987)).

DISCUSSION

I.  Where the case could have been brought

Sony's action against Intervoice could have been brought in the Middle District of Florida because that district (1) had proper subject matter jurisdiction, (2) had personal jurisdiction over the defendant Intervoice, and (3) was a proper venue. The Middle District of Florida had subject matter jurisdiction based on diversity. 28 U.S.C. § 1332(a). Complete diversity exists because Sony is a citizen of both Delaware and California, and Intervoice is a citizen of Texas. Moreover, the amount in controversy exceeds $75,000. The Middle District of Florida also had personal jurisdiction over Intervoice because Intervoice transacts business there. Fla. Stat. § 48.193. Venue was proper because in an action founded only on diversity, venue is proper in a judicial district in which any defendant resides or where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a). Intervoice resides in the Middle District of Florida because it is subject to

6

personal jurisdiction in that district and in addition, the sale of the allegedly infringing IVR system took place in that district.

II.     Factors relating to convenience and fairness

Having concluded that Sony, although it chose not to, could have filed its complaint against Intervoice in the Middle District of Florida, the court now proceeds to analyze the factors relevant to convenience and fairness. First and perhaps most importantly, the court notes that this is *Sony's* motion to transfer an action *it* chose to assert initially in the Central District of California. Notwithstanding the fact that Sony's complaint against Intervoice was related to Phoenix's patent infringement claim against Sony, which Phoenix had originally filed in the Central District of California, Sony remained free to file its complaint in the Middle District of Florida. Sony had an opportunity at the outset to file its claim against Intervoice in the Middle District of Florida and, as a matter of fairness, should not now be heard to complain about this venue. Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1101 (N.D. Cal. 2006) (Patel, J.) ("Plaintiff can hardly complain of the failure to transfer this case to Oregon since it could have brought the action there in the first place. Having chosen not to do so, it lost its opportunity to litigate this case in Oregon.").

Additional factors weigh against transferring this case to Florida. Sony has asserted a single cause of action against Intervoice for breach of warranty of title and against infringement under UCC section 2-312. The California statutory enactment of this UCC provision states,

> Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

Cal. Com. Code § 2312. Although Intervoice has not yet filed an answer to Sony's complaint, Intervoice argues in its opposition to this motion to transfer that issues related to the validity and enforceability of Phoenix's patents will be dispositive of Sony's claim for breach of warranty. In particular, Intervoice argues that it will defend against Sony's claim by asserting that (1) no

7

Intervoice products that are covered by the UCC warranty obligation infringe the Phoenix patents and/or (2) the Phoenix patents are invalid and unenforceable. In reply, Sony argues that it will not be necessary to prove that Intervoice's products actually infringed or that Phoenix's patents are indeed valid. Sony argues instead that it has a valid claim against Intervoice under UCC section 2-312 because Phoenix, by asserting its patent infringement claim against Sony, created a cloud on Sony's rightful enjoyment of the IVR system. Sony asserts that as the seller of the IVR system, Intervoice did not deliver the good "free of the rightful claim of any third person by way of infringement."

As is apparent, the parties disagree as to whether and to what extent adjudication of Sony's breach of warranty claim against Intervoice will implicate issues related to infringement and invalidity of the underlying patents held by Phoenix. In ruling on Intervoice's motion to dismiss, the court has already held that it is sufficient for Sony to assert that the goods provided by Intervoice "gave rise to a colorable claim of patent infringement," thereby exposing Sony to suit by Phoenix. Docket No. 99 at 5. While a "colorable claim" may be sufficient to overcome a motion to dismiss, it may not be sufficient for plaintiff to ultimately prevail on the merits. Currently, there is little precedent to assist the court in resolving the questions of whether and to what extent issues relating to patent infringement and invalidity will be relevant for adjudicating the merits of Sony's breach of warranty claim, and the court does not decide those questions now. See e.g., 84 Lumber Co. v. MRK Technologies, Ltd., 145 F. Supp. 2d 675 (W.D. Pa. 2001). The court, instead, simply observes that there is a likelihood that such issues will be pertinent.

Accordingly, in deciding the present motion to transfer, the court will take into account the possibility that evidence and witnesses pertaining to the underlying patent issues will be relevant for adjudicating Sony's claim. The same contacts that Judge Anderson evaluated in his order transferring the case to this district from the Central District of California, therefore, remain relevant despite the fact that Phoenix and Sony have settled. For example, Phoenix identified five non-party witnesses from the Northern District of California who have knowledge of the underlying patents and would have discoverable information regarding the patents. Phoenix itself is a citizen of

1 California whose principal place of business is in Palo Alto, California.  Moreover, if the court
2 eventually finds that Phoenix should be joined as a necessary party under Federal Rule of Civil
3 Procedure 19(a)(2)(i) because "the disposition of the action in [Phoenix's] absence may as a
4 practical matter impair or impede [Phoenix's] ability to protect" its intellectual property interests,
5 this argues against transfer to Florida.  Joinder of Phoenix as a necessary defendant would not be
6 feasible in Florida because that state does not have personal jurisdiction over Phoenix.  Under
7 Federal Rule of Civil Procedure 19(b), therefore, a Florida court would be forced to dismiss the
8 action if it found that Phoenix was an indispensable party.  In contrast, this district has proper
9 personal jurisdiction over Phoenix.  If Phoenix must be joined as a necessary party under Rule 19(a),
10 therefore, joinder of Phoenix is feasible in this district.  This district, accordingly, need not reach the
11 question of whether Phoenix is an indispensable party under Rule 19(b) and therefore, whether the
12 action should be dismissed.

13 Sony argues that the underlying facts giving rise to its cause of action for breach of warranty
14 all occurred in Florida.  Negotiations for the sale of the IVR system occurred in Florida, Sony and
15 Edify representatives who participated in the negotiations reside in Florida, and the IVR system
16 itself is installed in Sony's Florida call center.  As the court has already noted, however, despite
17 these contacts with Florida, Sony did not choose to file its complaint against Intervoice in a Florida
18 venue.  Had Sony desired to avoid the inconvenience of litigating this action in a forum other than
19 Florida, it should have, from the outset, filed its complaint there.  Sony's present motion to transfer
20 has been brought approximately one year after this case was filed and more than eight months after
21 Judge Anderson transferred the case to this district from the Central District of California.  This
22 court finds that it would be untimely and inefficient to involve yet another district in this matter.
23 This court is already familiar with the parties and the issues involved, and judicial resources would
24 be conserved by keeping the action in this district.

CONCLUSION

For the foregoing reasons, Sony's motion to transfer its third-party action against Intervoice is DENIED.

IT IS SO ORDERED.

Dated: December 11, 2007

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California