UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHOENIX SOLUTIONS, INC.,

                Plaintiff,

  v.

SONY ELECTRONICS, INC.,

                Defendant.
                                            /

SONY ELECTRONICS, INC.,

                Third-Party Plaintiff,

  v.

INTERVOICE, INC.,

                Third-Party Defendant.
                                            /

No. C 07-02112 MHP

**MEMORANDUM AND ORDER**

**Re: Sony's Motion to Dismiss Intervoice's Counterclaim**

       The facts of this case have been recited in the court's prior orders, and therefore, only a brief summary is necessary here. Third-party defendant Intervoice, Inc. ("Intervoice") sold to third-party plaintiff Sony Electronics, Inc. ("Sony") an interactive voice recognition system to be used in Sony's customer service call center. Sony furnished custom specifications which Intervoice installed in the voice recognition system. Plaintiff Phoenix brought this action against Sony, alleging that the voice recognition system infringed Phoenix's patents for speech recognition processes. Sony filed a third-party complaint against Intervoice, alleging that as the seller of the system, Intervoice breached the warranty of title and against infringement. U.C.C. § 2-312; Cal.

Comm. Code § 2312. Phoenix and Sony settled the patent infringement action, and the court entered a stipulation and order dismissing all claims and counterclaims between Phoenix and Sony. Docket No. 97. The court then denied Intervoice's motion to dismiss Sony's third-party complaint, Id. 99, and also denied Sony's motion to transfer the third-party action, Id. 101. At that point, Intervoice filed its third-party answer, asserting one counterclaim against Sony alleging that it is Sony, not Intervoice, that has breached the U.C.C. warranty of title and against infringement. Intervoice seeks to recover from Sony its costs in defending the present action. It claims that it would not have been brought into this action as a third-party defendant but for Sony's furnishing custom specifications which gave rise to Phoenix's patent infringement suit. Now before the court is Sony's motion to dismiss Intervoice's counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

## DISCUSSION

Uniform Commercial Code section 2-312 states, "Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications." This U.C.C. provision is codified in California Commercial Code § 2312. Intervoice argues that Sony furnished custom specifications for the interactive voice recognition system Intervoice sold to Sony, and that Phoenix's patent infringement suit arose from the specifications requested by Sony, not from the system provided by Intervoice. Under U.C.C. section 2-312, therefore, Intervoice argues that it has a cause of action against Sony for breach of warranty of title and against infringement.

It is undisputed that Intervoice is the seller of the voice recognition system and that Sony is the buyer. Under the plain language of U.C.C. section 2-312, a warranty of title and against infringement runs from Intervoice, the seller, to Sony, the buyer. U.C.C. § 2-312 ("a *seller . . . warrants* that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like"). This warranty guarantees that if the buyer of the good is sued by a third person for infringement, or the like, the buyer may seek indemnification from the seller for defense, settlement and/or other liability costs. The court has already ruled that having been sued by Phoenix for its allegedly infringing use of the voice interactive system, Sony has stated a cause of action against Intervoice for breach of the warranty.

On its face, the plain language of section 2-312 does not appear to contain a reciprocal warranty running from the buyer to the seller. Section 2-312 states that "a *buyer . . .* must *hold the seller harmless* against any such claim which arises out of compliance with" specifications furnished by the buyer. This clause clearly creates a defense which the seller may use to avoid liability for a buyer's cause of action for breach of warranty. For example, in this case, Intervoice may argue that it is not liable to Sony for breach of the warranty because what gave rise to Phoenix's infringement suit were the custom specifications furnished by Sony and which Intervoice complied with.

3

Nowhere does section 2-312 explicitly state that a buyer *warrants* to the seller that the custom specifications are furnished free of the rightful claim of any third person for infringement. Section 2-312, therefore, appears to be asymmetrical. If the buyer of the good is sued by a third person for infringement, he may seek indemnification from the seller for costs associated with defending against the third party action. But if the seller is sued by a third person for infringement of the same good, a seller may not seek indemnification from the buyer even if the good infringes because of the buyer's specifications. At most, the plain language of section 2-312 appears to vest a seller with a valid *defense* in the event that it is sued by a buyer for breach of the warranty. But Section 2-312 does not appear to vest a seller with a *cause of action* against a buyer.

This asymmetrical interpretation is questionable, however, in light of the U.C.C. official comments which state, "[w]hen the buyer orders goods to be assembled, prepared or manufactured on his own specifications, [and] [i]f . . . the resulting product infringes a patent or trademark, the *liability will run from buyer to seller*. There is, under such circumstances, a *tacit representation* on the part of the buyer that the seller will be safe in manufacturing according to the specifications, and the *buyer is under an obligation in good faith to indemnify him for any loss suffered.*" 1 Hawkland, Uniform Commercial Code Series § 2-312, Official Comment, Comment 3 (emphases added). Similarly, a practitioner's treatise has opined that section 2-312 is "unique in imposing a warranty on the *buyer*." 1 White & Summers, Uniform Commercial Code § 9-16 at 687–688 (5th ed.).

The court finds these comments persuasive for interpreting section 2-312 to create reciprocal warranties running to and from both buyer and seller. Moreover, the provision's underlying purpose supports this symmetrical interpretation. Section 2-312 is essentially a risk-sharing provision designed to allocate between the buyer and seller the risk of a third party claim arising from the good's infringement of a patent, trademark, or the like. The risk is allocated according to the buyer's and seller's respective roles in giving rise to the third party claim. If it is buyer's specifications that give rise to the claim, buyer bears the cost. Conversely, if it is seller's goods that give rise to the claim, seller bears the cost. Thus, both buyer and seller may assert a cause of action against the other for breach of the warranty.

In order to have a valid cause of action, section 2-312 is clear that the party asserting the breach of warranty must have been first confronted with the rightful claim of a third person. The first clause of section 2-312 states that a seller "warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement." Similarly, the second clause of section 2-312 states that a buyer "must hold the seller harmless against any such claim which arises out of compliance with the specifications." The phrase "any *such* claim" refers back to "the rightful claim of any *third person* by way of infringement or the like" stated in the previous clause. In sum, the court interprets section 2-312 to mean that either a buyer or a seller may have a cause of action against the other for breach of the warranty, but only in the event that it is first confronted with the rightful claim of a third party. In other words, a buyer's or seller's claim for breach of the warranty is triggered only upon a third party asserting a rightful claim against it.

Here, Sony was sued by Phoenix for patent infringement, but Intervoice was not. Sony therefore has been confronted with the rightful claim of a third party, but Intervoice has not. Intervoice has been sued by Sony for breach of the warranty, but Sony is not a third party to the transaction for the interactive voice system and moreover, Sony's claim is a claim for breach of warranty, not for infringement. Intervoice may defend against Sony's breach of warranty claim by alleging that it is Sony's specifications that gave rise to Phoenix's infringement suit. But in the absence of being sued by a third party for infringement, it cannot use that same allegation to state a cause of action against Sony. Had Intervoice also been sued by Phoenix for infringement, the result would be different.

CONCLUSION

Sony's motion to dismiss Intervoice's counterclaim is GRANTED.

IT IS SO ORDERED.

Dated: February 25, 2008

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California