**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

9   PHOENIX SOLUTIONS INC.,                    No. C 07-02112 MHP

10            Plaintiff,

11      v.                                      **MEMORANDUM & ORDER**

12   SONY ELECTRONICS INC.,                     **Re: Third Party Defendant Intervoice's
                                                  Motion for Leave to Amend Answer**

13            Defendant.
                                        /
14
     SONY ELECTRONICS, INC.,
15
              Third-Party Plaintiff,
16
        v.
17
     INTERVOICE, INC.,
18
              Third-Party Defendant.
19
                                        /
20

21          The facts of this case have been recited in the court's prior orders, and therefore, only a brief

22   summary is necessary here.  Third-party defendant Intervoice, Inc. ("Intervoice") sold to third-party

23   plaintiff Sony Electronics, Inc. ("Sony") an interactive voice recognition system to be used in Sony's

24   customer service call center.  Sony furnished custom specifications which Intervoice installed in the

25   voice recognition system.  Plaintiff Phoenix brought this action against Sony, alleging that the voice

26   recognition system infringed Phoenix's patents for speech recognition processes.  Sony filed a third-

27   party complaint against Intervoice, alleging that as the seller of the system, Intervoice breached the

28   warranty of title and against infringement.  U.C.C. § 2-312; Cal. Comm. Code § 2312.

United States District Court

For the Northern District of California

1    Now before the court is third-party defendant Intervoice's motion for leave to amend its

2  answer.  Intervoice seeks to amend the answer by asserting the defense (or alternatively, the

3  negation of an element of third-party plaintiff's prima facie case) that at the time Intervoice

4  delivered the voice recognition system to Sony, the Phoenix patents had not yet issued, and

5  therefore, Intervoice could not have breached the U.C.C. warranty of title and against infringement.

6  This is the only amendment third-party plaintiff Sony opposes.

7

8  DISCUSSION

9    Federal Rule of Civil Procedure 15(a)(2) provides that leave to file amended pleadings

10  should be freely granted "when justice so requires."  The Ninth Circuit weighs four factors when

11  considering a Rule 15(a) motion to amend: (1) bad faith in bringing the motion; (2) undue delay; (3)

12  prejudice to the opposing party; and (4) futility of the proposed amendment.  Griggs v. Pace

13  American Group, Inc., 170 F.3d 877, 880–81 (9th Cir. 1999).

14    Intervoice's motion comes one year after the filing of Sony's Amended Complaint and four

15  months after the filing of Intervoice's Answer.  The parties have only recently completed mediation

16  and have engaged in only limited discovery.  Although the court has ruled on several motions

17  including Intervoice's motion to dismiss (Docket No. 99), Sony's motion to transfer (Docket No.

18  101), and Sony's motion to dismiss (Docket No. 113), no other motions relating to patent claim

19  construction, invalidity, or infringement have been briefed or decided.  The court finds that

20  Intervoice's motion to amend is not untimely or brought in bad faith.  For the same reasons, the

21  court finds that Sony will not be prejudiced by the amendment.

22    Moreover, Sony asserts that the amendment will be futile because "as discovery will bear

23  out," Sony had to purchase from Intervoice an upgraded version of the voice recognition system in

24  order to obtain continuing software support.  According to Sony, this purchase occurred in 2006,

25  after Phoenix's patents had issued.  However, the fact that further discovery may uncover facts

26  which call into question Intervoice's allegations does not render the amendment futile at the

27  pleading stage.

28

2

1    CONCLUSION

2         Having found no bad faith, undue delay, prejudice or futility, the court GRANTS third-party

3    defendant Intervoice's motion to amend.  The proposed first amended answer (Docket No. 123, Exh.

4    1) is deemed filed.

5

6         IT IS SO ORDERED.

7

8    Dated: June 3, 2008

9                                                        MARILYN HALL PATEL
                                                         United States District Court Judge
10                                                       Northern District of California

11

**United States District Court**
For the Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28